Honorable Richard D. Lamm Governor State of Colorado Executive Chambers 136 State Capitol Denver, Colorado 80203
Dear Governor Lamm:
You have requested an opinion on the scope of section 4 of H.B. 1355 (enacted in 1979), as it relates to the Commission on Women.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Does section 4 of H.B. 1355 repeal the expiration date of the Commission on Women?
My conclusion is "no."
ANALYSIS
Literally read, section 4 of H.B. 1355 repealed the expiration date of the Commission on Women because it repealed C.R.S. 1973,24-34-104(3)(a), in its entirety. The latter section, which is part of the sunset law provides:
 3(a) The following divisions in the department of regulatory agencies shall terminate on July 1, 1979:
 (I) Division of civil rights and the Colorado civil rights commission, created by part 3 of article 34 of this title;
 (II) Colorado commission on women, created by part 2 of article 34 of this title.
The validity of section 4 as applied to the Commission on Women, however, is subject to attack on two grounds. First, the sunset act itself in another section states:
 No more than one such division, board, or agency shall be continued or reestablished in any bill for an act, and such division, board, or agency shall be mentioned in the bill's title.
C.R.S. 1973, 24-34-104(10) (1978 Supp.) The title to H.B. 1355 was "Concerning the Division of Civil Rights, and relating to the Colorado Civil Rights Commission." Plainly, the Commission on Women was not mentioned in the title and H.B. 1355 continued or reestablished another division, the division of civil rights, including the Civil Rights Commission.
The second problem with the use of section 4 to continue the Commission on Women is article V, section 21 of the Colorado Constitution. That section limits each bill to a single subject and requires that the subject be clearly expressed in the title.
Interpretation of article V, section 21 was the subject of my opinion to you dated June 18, 1979, regarding the tax package, H.B. 1610. I will not repeat that analysis here but I incorporate it by reference. Suffice it to say that under article V, section 21, a person reading the title of a bill must have some clear and reasonable notice of its contents.
Nothing in the title of H.B. 1355 gave notice that it included the Commission on Women. While it is certainly true that the Commission on Women involves civil rights issues, the title of H.B. 1355 is limited to the division of civil rights and the Colorado Civil Rights Commission. Both of these are entities separate from the Commission on Women. See C.R.S. 1973,24-34-201(1)(a) (1978 Supp.).
SUMMARY
Because of the procedural limitations placed on the legislature by the Sunset Act and because of the requirements of article V, section 21, it is my opinion that H.B. 1355 did not have the effect of continuing the Commission on Women.
Very truly yours
 J.D. MacFARLANE Attorney General
STATUTORY CONSTRUCTION LEGISLATIVE BILLS WOMEN
H.B. 1355 (1979)
C.R.S. 1973, 24-34-104(3)(a)
Colo. Const. art. V, § 21
EXECUTIVE BRANCH Governor, Office of REGULATORY AGENCIES, DEPT. Commission on Women
H.B. 1355 did not have the effect of continuing the Colorado Commission on Women.